# CHARLESTON.

### County Court of Jefferson County v. Sarah Hopkins *et als.*

### Submitted May 1, 1917.  Decided May 8, 1917.

1. Highways—*County Road—Discontinuance.*

    A county road established and opened pursuant to law, continues as such until vacated or discontinued in the manner prescribed by law.  (p. 398).

2. Same—*County Road—Discontinuance—Proof.*

    A party asserting the discontinuance of a county road over a particular location and claiming a right by reason thereof, must show affirmatively that the county court has discontinued such road either by changing the location of the road at such point to another location, thus abandoning it on the former location under the provision of §56A (13) of ch. 43 of the Code, or by a proceeding for that purpose in accordance with the provisions of §56A (19) of ch. 43 of the Code.  (p. 398).

Appeal from Circuit Court, Jefferson County.

Suit by the County Court of Jefferson County for a mandatory injunction against Sarah Hopkins and others.  Decree for plaintiff, and defendants appeal.    *Affirmed.*

*H. H. Emmert,* for appellants.

*John Porterfield,* Pros. Atty., and *C. N. Campbell,* for appellee.

Ritz, Judge:

The defendants are the owners of a tract of fourteen acres of land lying north of the Charles Town and Harpers Ferry Turnpike in Jefferson county, and just west of the point of

intersection of said turnpike with what is referred to as the Old Shepherdstown Road, said tract of land being bounded on the south by said Charles Town and Harpers Ferry turnpike, and on the east by said old Shepherdstown road. Lying to the north of the lands of the defendants, on the same side of the old Shepherdstown road, are the lands of one Hunter, and on the opposite side of the road from the lands of the defendants and the lands of Hunter, and extending the same distance along said road as the lands of the defendants and the lands of said Hunter, are the lands of Starry. When this old Shepherdstown road reaches the northern boundary of the lands of Hunter and Starry it turns to the east, leaving the lands of Starry to the south of it, and on the north of it the lands of Yates. After extending eastward, the exact distance not appearing from the record, said road again turns north. In the year 1881 the county court of Jefferson county established a new road, extending in a southerly direction from the point at which the old road turned north last above referred to, intersecting with the Charles Town and Harpers Ferry pike at a point east of the intersection of the old Shepherdstown road therewith. It does not appear from the record what is the distance between the points of intersection of these two roads with the Charles Town and Harpers Ferry pike. After the establishment of this new road an application was made to the county court to discontinue as a public road a part of the old Shepherdstown road, and on the 5th day of May, 1881, an order was entered by the county court of Jefferson county appointing viewers for the purpose of determining what, if any inconvenience would result from the discontinuance of the same. That order is as follows: ''In the Matter of the petition of Joseph Starry, Francis Yates, Charles Aglionby and Andrew Hunter to discontinue a road.

It appearing to the Court that three weeks notice of the application to discontinue that portion of the County road known as the Charles Town and Sheperdstown road, lying between the following point, viz: Beginning at the N. E. Corner of Andrew Hunter's farm, and running thence between the lands of said Andrew Hunter and Joseph Starry

&c. and Starry and Col. F. Yates to the new road opened by order of the Court along the line of Col. A. Boyd, according to the notice posted at the Court House door and elsewhere as required by law, It is ordered that Esrom Slifer and George H. Tate, view said road proposed to be discontinued, and report what inconvenience would result from discontinuing the same, to a future day of this Term.''

On the 9th day of May, 1881, the viewers appointed by the above order made a report on the matter referred to them, which report follows: ''To the Honorable County Court of Jefferson County, West Va.

''The undersigned viewers appointed by your Honorable Court in the matter of the petition of Joseph Starry, Francis Yates, Charles Aglionby and Andrew Hunter esquires, to discontinue that portion of the County road known as the Charles Town and Sheperdstown Road lying between the following points, videlicit: Beginning at the N. E. corner of Andrew Hunter's farm and running thence between the lands of said Andrew Hunter and Joseph Starry &c. and Col. F. Yates to the new road opened by order of the Court along the line of Col. A. Boyd, respectfully report that they have viewed the said road as above described and are of opinion that no inconvenience to the public will result from the discontinuance of the same between the limits aforesaid, as prayed by said petitioners, in as much as the new road recently opened along the line of Col. A. Boyd's farm from the Harpers Ferry, Charles Town and Smithfield turnpike to the old Charlestown and Sheperdstown road, has opened a new highway for the public which dispenses with the necessity of continuing open the road we were appointed to view.''

Upon this report the county court entered an order discontinuing the road referred to, which order follows: ''In the matter of the Petition of Joseph Starry, Francis Yates, Chas. Aglionby and Andrew Hunter, esquires, to discontinue a road.

The viewers, Esrom Slifer and George H. Tate, appointed at a former day of this term, to view the road proposed to be discontinued by the Petitioners aforesaid, viz: 'That portion

of the County road known as the Charles Town and Sheperdstown Road lying between the following points: Beginning at the N. E. corner of Andrew Hunter's farm and running thence between the lands of said Andrew Hunter and Joseph Starry &c., and Starry and Col. F. Yates to the new road opened by order of the Court along the line of Col. A. Boyd,' this day made their report in writing, and it appearing from said report that no inconvenience to the public will result from discontinuing the aforesaid road, between the limits above set forth, it is ordered by the Court that the same be and is hereby discontinued as a County Road, as soon as the new road is opened and made in good travelling condition.''

These orders and the report of the viewers thereunder are set out at length for the reason that different constructions are placed thereon by the parties to this suit. It appears that at this time there was a fence on the east side of the lands of defendants separating the same from the old Shepherdstown road. A few years after this order was entered this fence was removed by defendants' ancestor, and the fence in front of the land separating it from the Charles Town and Harpers Ferry turnpike was extended eastward to connect with the line fence of Starry, and a gate was placed in the fence at the point where the old Shepherdstown road intersected the Charles Town and Harpers Ferry pike. At the north end of the Hopkins land the fence was also extended across the old Shepherdstown road to the line fence of Starry and a gate placed in the fence where it crossed the old road. This condition continued for many years. The tenants on the lands of Hunter back of the Hopkins land used this old road through the gates aforesaid in coming to the Charles Town and Harpers Ferry pike. A short time before the institution of this suit the defendants constructed a wire fence in front of their lands across the right of way of the old Shepherdstown road, and left no gate therein. An application was then made to the county court of Jefferson county to require the defendants to open up the old Shepherdstown road from the point where it intersects with the Charles Town and Harpers Ferry pike through their property.

Upon this application being made the county court directed the prosecuting attorney to take such proceedings as might be necessary to secure this road to be opened. This suit was then brought by the county court praying for a mandatory injunction to compel the defendants to remove the fence from across the said old Shepherdstown road at the place where it intersects with the Charles Town and Harpers Ferry pike, and to remove all obstructions therefrom through the lands of the said defendants. The facts are not in any wise controverted and are as above stated. The court below granted the relief prayed for, holding that that part of the road extending from the Charles Town and Harpers Ferry pike through the lands of the defendants was a public road, and requiring the defendants to forthwith remove therefrom all fences, gates and other obstructions to the public travel thereon, from which decree the defendants obtained this appeal.

The defendants rely for reversal of the decree of the lower court upon two grounds: First, that the order of the county court above quoted, providing for the closing of part of the old Shepherdstown road, vacated and abandoned that part of the road extending through their property, and that from and after the entry of that order there was no public road extending through their property upon the location of the old Shepherdstown road; Second, that even if the county court did not by that order specifically close and vacate this part of the old Shepherdstown road, the construction of the new Shepherdstown road, as above indicated, was but a change or alteration in the old Shepherdstown road, which under the law had the effect of abandoning the old road.

It is conceded by all of the parties that this old Shepherdstown road now in dispute was at one time a county road, and the first question presented is, did the orders of the county court above quoted close or vacate this as a public road of the county? It will be noted that the order appointing the viewers defines the part of the road which shall be viewed by them for the purpose of determining the practicability of discontinuing the same. In this description this part so desired to be discontinued begins at the north-east

corner of Andrew Hunter's farm. Between this point and the lands of the defendants lies the Hunter farm. From the beginning point the road so desired to be discontined is referred to as "running thence between the lands of said Andrew Hunter and Joseph Starry &c., and Starry and Col. F. Yates to the new road opened by order of the court along the line of Col. A. Boyd." This evidently describes that part of the old road extending in an easterly direction beginning at the point where it turns east after going through the lands of Hopkins and others, and ending at the point where it connects with the new road. The report of the viewers and the order discontinuing the road conform to this description. There is no language in this order which by any construction could extend the road proposed to be discontinued in a southerly direction from the north-east corner of Hunter's farm, and connect it with the Charles Town and Harpers Ferry pike. To do this would not run by the lands of Yates, nor would it connect with the new road opened by order of the court along the line of Col. A. Boyd. It is, therefore, clear when we apply the language used by the county court to the road as the same existed, on the ground, that the intention of the court was to describe in this order abandoning the old road that part thereof extending from the point where the old road turned east to its connection with the new road, and that this order went no further than to discontinue that part of the old road.

It is contended, however, that by reason of the establishment of what is called the new Shepherdstown road by the county court the old road was discontinued; that the establishment of this new road was simply an alteration of the old one. The provision of law relied upon is section 56A (13) of ch. 43 of the Code as follows: "When any road is altered the former road shall be discontinued to the extent of such alteration, and no further, and the new one established."

It is quite true under this provision of law, when the county court changes the location of a particular road, that the order making such change and establishing the road on such new location, abandons the road on its former location.

Can it be said that the establishment by the county court of the section of county road extending in a southerly direction from the point at which the old Shepherdstown road turned to the north, after leaving the lands of Starry, to the Charles Town and Harpers Ferry pike, was but a change or alteration in this road? It must be borne in mind that when it is once shown that a county road has been established it will remain such until it has been properly discontinued. The proceedings establishing what is called the new Shepherdstown road in 1881 do not appear in the record. It is not shown whether this road was established by the county court as a part of its road system, or is a change or alteration in the old Shepherdstown road. It does not appear from the record how far east this new road is from the old road at the point at which it passes through the lands of the defendants, and when we consider that the county court deemed it necessary, in order to abandon any part of the old road, to appoint viewers for the purpose of determining the expediency of such abandonment and to enter an order specifically mentioning the part abandoned, we must conclude that this new Shepherdstown road was not laid out, and was not constructed and opened as a change or alteration in the old road, but as an entirely new road, the opening of which rendered unnecessary the maintenance of a part of the old road, but not the whole thereof. Had this road, termed the New Shepherdstown Road, been opened simply as an alteration or change in the old road, there would have been absolutely no necessity for any order abandoning the old road, or any part thereof, in as much as the same would have been abandoned by operation of law. There is no presumption that a road established by the county court is a change or alteration in the location of an old road. The constantly increasing population makes necessary additional highways for the intercommunication of the inhabitants in their social and business relations, and rather will it be presumed that new roads established are for the purpose of meeting these demands than for the purpose of taking the place of the old roads already in use. A party seeking to benefit by the alleged abandonment of a road because of the opening of a new one by the county

court, upon the ground that such new road is but a change in the location of the old one, must make it clearly appear that the purpose of the public authorities was not to open a new or additional road, but simply to continue the old one upon a changed location.

There is no error in the decree complained of and the same is affirmed.

*Affirmed.*