### 15495. SMITH & CADLE *v.* ROSS.

Bar by the statute of limitations, where not apparent from the plaintiff's petition, is not a ground for dismissal of the petition on oral motion.
Omission of the date of the account sued upon was not a sufficient reason for dismissal of the action, on oral motion made at the trial term.

DECIDED JUNE 10, 1924.

Complaint; from city court of Carrollton—Judge Hood. March 12, 1924.

*Samuel J. Boykin, Boykin & Boykin,* for plaintiffs.

BLOODWORTH, J. This was a suit upon an account. The account was not itemized, nor was the date thereof given, though the petition did allege that the defendant was "indebted to your petitioners in the sum of $248.29, besides interest at 7%, for two years; interest to date of filing suit being $39.72; said indebtedness arising upon open account, a copy of which is hereto attached." At the trial term of the court the defendant made an oral motion to dismiss the suit "for the reason that there is no date set out in it." The court sustained the motion. In *Brock* v. *Wildey,* 132 *Ga.* 19 (63 S. E. 794), it was held: "Where it does not affirmatively appear upon the face of the petition that the cause of action is barred by the statute of limitations, this defense cannot be made by an oral motion to dismiss the case on the ground that the action is barred by the statute." It is matter for plea. See cases cited in subdivisions 1, 2, page 24. In *Potts-Thompson Co.* v. *Capital City Tobacco Co.,* 137 *Ga.* 648 (1) (74 S. E. 279), the Supreme Court said: "A motion in the nature of a special demurrer, to dismiss a petition, came too late at the trial term." Under the rulings in the foregoing cases the court erred in dismissing the petition.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*