## CHARLESTON.

COUNTY COURT OF MARION COUNTY *v.* LON HALL, DAVE TOOTHMAN AND AUDIE B. TOOTHMAN

(No. 5127)

Submitted June 16, 1924.   Decided April 14, 1925.

1.  HIGHWAYS—*Act Revising and Re-enacting Road Law Repealed Provision as to Alteration; County Road Once Established Continues as Such Until Vacated or Discontinued in Manner Prescribed by Law.*

    A county road once established continues as such until vacated or discontinued in the manner prescribed by law. (p. 4).

    (Highways, 29 C. J. § 192)

2.  SAME—*County Court Cannot Sell or Barter Right of Way of Public Road, Continuance of Which is Required to Serve Public.*

    A county court is without authority to sell or barter the right of way of a public road, the continuance of which is required to serve the public as a necessary outlet. (p. 4).

    (Highways, 29 C. J. § 227)

    NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.

Appeal from Circuit Court, Marion County.

Suit by the County Court of Marion County against Lon

Hall and others.   From a decree for defendants, plaintiff appeals.

*Reversed and entered.*

*Frank R. Amos, John W. Mason, Jr.,* and *Ernest R. Bell,* for appellant.

*Shaw & Shaw,* for appellees.

LITZ, JUDGE:

The bill prays for an injunction commanding the defendants to remove certain obstructions from an alleged public road.   The circuit court denied relief, and plaintiff appeals.

In the course of improving the Ohio and Maryland Turnpike from Fairmont to Rivesville, during the years of 1914 and 1915, the County Court of Marion County constructed a new road to be used as part of the highway in lieu of a portion of the original route, known as the Meredith Spring road, a mile and one-half in length.

The new road and the Meredith Spring route pass through land formerly owned by one E. S. Amos.   By deed dated July 27, 1914, he conveyed to the said County Court a right-of-way for that portion of the new road embraced within his property, in consideration of the sum of twenty-five dollars and the agreement of the court to discontinue the Meredith Spring route.   No attempt, however, was ever made to discontinue or abandon this road, and it continued to be used by the public until April, 1923, when defendants, claiming through the heirs of E. S. Amos an absolute fee in the roadway, constructed a wire fence entirely across the same.   This suit was brought to compel the removal of that obstruction.

The defendants would justify their acts with the theory that the construction and use of the new road worked a legal discontinuance and abandonment of the Meredith Spring route.   This defense is predicated upon chapter 75, Acts of the Legislature of 1882, amending section 30 of chapter 14, Acts 1881, and providing:

> "The county court of a county may, upon petition, direct any county road, other than a turnpike, or any other road transferred by the State to any county or counties, or landing therein, to be discontinued; but notice of every such petition must, three weeks at least before it is acted upon,

be posted at the front door of the court house, and
at three public places in every district in which
any part of the said road or landing may be. Upon
such petition, after notice given as aforesaid, the
county court shall appoint two or more viewers,
or a committee of their own body, to view such
road or landing and report in writing whether, in
their opinion, any, and if any, what inconvenience
would result from discontinuing the same. Upon
such report and other evidence, if any, the court
may discontinue the road or landing; taking care
in every case of an established post road not to dis-
continue the same until another has been estab-
lished. *But this section shall not be construed so
as to prevent any county court from altering any
such turnpike or other road so transferred by the
State as aforesaid, as provided for in section
thirty-five of this chapter, whenever it becomes
necessary to do so in order to place such turnpike
or other road on better ground or grade than the
existing location, and when such alteration is
made, and the said turnpike or other road, as so
altered, is completed and put in good order, and
condition, the former location thereof, to the extent
of such alteration, shall be discontinued without
any such notice as is herein required as to the dis-
continuance of an entire county road in any county
other than such turnpike or other road so trans-
ferred as aforesaid."*

Chapter 52, Acts 1909, by completely revising and re-
enacting the road law and repealing all acts and parts of
acts inconsistent therewith, repealed that part of the statute
above quoted providing for the alteration of certain roads
without notice. *Conley* v. *Supervisors,* 2 W. Va. 416; *State*
v. *Mines,* 38 W. Va. 125, 18 S. E. 470; *Herron* v. *Carson,* 26
W. Va. 62; *Stewart* v. *Tenant,* 52 W. Va. 559, 561, 44 S. E.
223.

As the road in question could have been legally discontinued
only by a proceeding before the county court, and notice to
the public, it is still a part of the road system of Marion
County under the supervision of the county court. *Dudding*
.v. *White.* 82 W. Va. 542, 96 S. E. 942.

But the defendants assert that the county court is estopped
to deny the discontinuance of the road and cannot, there-

fore, maintain the suit. The answer to this contention is that the agreement of the court to discontinue the road was *ultra vires* and could not have been enforced. It is, consequently, no basis for estoppel. *County Court* v. *Town of Piedmont,* 72 W. Va. 296, 78 S. E. 63; McQuillin Municipal Corp., Sec. 1172; *Washington etc. R. Co.* v. *Alexandria,* 98 Va 344, 350, 36 S. E. 385; *Roanoke Gas Co.* v. *Roanoke,* 88 Va. 810, 14 S. E. 665; *Bank* v *County Court,* 28 W. Va. 273.

''The county court is a corporation created by statute, and can do only such things as are authorized by law, and in the mode prescribed.'' *Goshorn's Ex'rs.* v. *County Court,* 42 W. Va. 735. County courts have been given no authority to trade or release the easement of a public road for right-of-way to establish another, and such power cannot be implied as incident to their general supervision and control of the public roads. On the ground that the county court is not expressly authorized by statute to borrow money, it was held in the case of *Bank* v. *County Court,* cited, that suit could not be maintained upon a note given by a county court for money used in the construction of a courthouse, although the county had received the benefit thereof. A county road once established continues as such until vacated or discontinued in the manner prescribed by law. *State ex rel. Yost* v. *State Road Commission,* 96 W. Va. 184, 122 S. E. 527; *White* v. *Dudding,* cited.

It appears that one hundred or more persons are wholly dependent upon the road under consideration as a public outlet.

The decree of the circuit court dismissing the bill is reversed, and this Court, proceeding to enter such decree as the circuit court should have entered, awards a mandatory injunction in accordance with the prayer of the bill.

*Reversed and entered.*