20837, 20838. LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.* v. PASCHAL; and *vice versa.*

STEPHENS, J. 1. Although a commercial railroad company may be legally authorized to lay its tracks and run its trains along a city street which is abutted with private residences, such use of the street by the railroad company is a servitude upon the abutting property, and the railroad company is liable to the property owners for any damages sustained by reason thereof. Where the railroad company, after having laid its tracks and used the street for railroad purposes under legal authority, lays additional tracks in the street and constructs in the street a switching device, and thereby increases the use of the street for railroad purposes by the operation of additional trains thereon, this constitutes an additional servitude upon abutting property, for which the railroad company may be liable in damages to the property owners. *Louisville & Nashville R. Co.* v. *Merchants &c. Bank*, 166 *Ga.* 310 (143 S. E. 506); *Athens Terminal Co.* v. *Athens Foundry & Machine Works*, 129 *Ga.* 393 (58 S. E. 891); *Georgia Railroad &c. Co.* v. *Maddox*, 116 *Ga.* 64 (42 S. E. 315); *Austin* v. *Augusta Terminal Railway Co.*, 108

*Ga.* 671 (34 S. E. 852); *South Carolina R. Co.* v. *Steiner*, 44 *Ga.* 546, Cases such as *Austin* v. *Augusta Terminal Railway Co.*, and *Georgia Railroad &c. Co.* v. *Maddox*, supra, which hold that adjacent property owners can not recover for damages caused by the lawful use by a railroad company in laying tracks and operating trains on its own private property in the neighborhood, and not in a street, are distinguishable.

2. While the lawful use by a railroad company of its own property constitutes no servitude upon property in the neighborhood and gives no right of action for damages therefor to the property owners, yet where the servitude or burden placed upon abutting property owners by the increased use of a street by a railroad company operating in the street, as where the railroad company lays additional trackage in the street, including a spur-track therefrom on to its own property, and the construction of the necessary switching devices, and thereby increases its railroad operations, necessarily entails an increased use for railroad purposes of abutting property of the railroad into which the spur-track leads from the street, the increased use of the street, together with the necessary use of the railroad's abutting property, constitutes the servitude and burden upon the other property abutting on the street; and where the latter property is damaged as a result of this increased burden and servitude upon it, the owners may recover for the damage caused thereby.

3. A sum representing the depreciation in the market value of property abutting upon the street, which is caused by the alleged increased servitude upon it by the act of the railroad in the use of the street, is recoverable as damages.

4. Upon the trial of a suit brought against a railroad company by the owner of property which abuts upon the street, to recover for damage to the property, alleged to have been sustained by an increased servitude placed upon it by the defendant in the manner indicated in paragraph 2 above, the charge of the court, that if the plaintiff was entitled to recover, she could recover an amount representing the decrease in the market value of the property on account of "the changes" that were made by the railroad, and that she could recover damages resulting from the placing of the switch, the side-track and the location of the defendant's freight-yard, which was the property to which the spur-track was constructed, is not subject to the objection that it instructed the jury that they would be authorized to give damages to the plaintiff in a sum representing the decreased market value of her property although this decrease may have been caused otherwise than by the acts of the defendant, and although the damage to the plaintiff may have been caused by the act of the defendant in the lawful use of its own property. The court clearly instructed the jury that in order for the plaintiff to recover, the damage represented in the decreased market value of the property must have been caused by the acts of the defendant in placing an additional servitude upon the plaintiff's property by the acts complained of.

5. The charge of the court that the jury, in arriving at the damage to the plaintiff as represented by the decreased market value of the property, are "not bound by the opinion of the witnesses," but that they should

ascertain the damage from the "facts and circumstances in the case," is not subject to the objection that it instructed the jury that in arriving at the value of the property they should entirely disregard the opinion of the witnesses as to value.

6. If the court in its charge stated to the jury that it was their duty (not their privilege), in determining as to the preponderance of the evidence, to take into consideration the greater number of witnesses, the charge is not subject to the objection that it instructed the jury that this preponderance was with the greater number of witnesses, when the court immediately thereafter stated to the jury that "the law says that the preponderance of the testimony does not necessarily lie with the greater number of witnesses."

7. The court, fairly to the defendant, submitted to the jury the issues made by the pleadings and the evidence, and if there were any inaccuracies in the charge, they were harmless to the defendant.

8. The evidence was sufficient to authorize the inference that the defendant made the alleged changes in the street and increased the operation of its trains thereon after the plaintiff had acquired the property alleged to have been damaged, and within the period of the statute of limitations, and was sufficient to authorize the inference that the plaintiff, as a result of the acts of the defendant complained of, suffered a damage to her property in its decreased market value, in the amount found for the plaintiff.

9. The evidence authorized the verdict found for the plaintiff, and no error of law appears.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 3, 1931.

*Cumming & Harper, Hines & Carpenter, Jones, Jones, Johnston & Russell,* for plaintiff in error in main bill of exceptions.
*Sibley & Sibley, Marion H. Allen, C. A. Giles,* contra.