22636. FELTON *v.* STATE HIGHWAY BOARD *et al.*

DECIDED SEPTEMBER 27, 1933.

*C. N. Davie, J. F. Kemp,* for plaintiff.

*J. S. Powell,* for defendants.

STEPHENS, J. Jule W. Felton brought suit against the State Highway Board and the members thereof, in a petition in two counts. He alleged, in both counts of the petition, that he was the owner in fee simple of a tract of land and the building thereon, situated in the town of Oglethorpe, lying, as illustrated by a plat attached, on the northwest corner of Crescent and Kelsoe streets; and Kelsoe street, which is fifty-five feet wide, abuts the lots on the east; that in the rear of the plaintiff's property and connecting Kelsoe street and a parallel street to the west known as Macon street is a fifteen-foot alley, that Kelsoe street runs north, and, after passing its intersection with the alley, crosses Chatham street, a street seventy feet wide, running east and west and connecting Kelsoe street with Macon street; that State-highway routes numbers 49 and 26, passing through the town of Oglethorpe, ran along Crescent

street in front of plaintiff's property, that the defendant, the State Highway Board, relocated highway routes 49 and 26, and in so doing abandoned Crescent street and relocated the routes on a highway entering the town of Oglethorpe from the east and connecting with Chatham street, where it intersects with Kelsoe street, and running along Chatham street to the west; that where the highway crosses Kelsoe street on Chatham street the defendant erected an embankment or fill across Kelsoe street to a bridge over the railroad to the east of Kelsoe street, and erected banisters and posts along the sides of the embankment, that the embankment is ten feet in height, and beyond the normal and former level of Kelsoe street, that "if the banisters were removed and Kelsoe street raised at the present embankment in Kelsoe street, the approach to said highways would be dangerous and unsatisfactory because of the rise in said embankment from Kelsoe street east to said bridge, and the fall in the same from Kelsoe street to the normal level of the road west of Kelsoe street;" that the "embankment blocks and obstructs Kelsoe street, and it is now impossible to enter Chatham street and the highway from either end of Kelsoe street," that the obstruction in Kelsoe street caused damage to plaintiff's property which abuts on that street.

In the first count of the petition the plaintiff's damage is alleged in the sum of $4000, the difference between the value of the property, which was $5000 before the erection of the obstruction, and its value of $1000 after the erection of the obstruction. In the second count of the petition the plaintiff's damage is alleged in the diminution of the rents of the property in the sum of $50 per month, amounting to $1450, and in the loss of rents continuing into the future by reason of the obstruction. It is alleged in the petition that the construction of the highway was begun in 1928 and was not finally completed until the year 1931, and that the embankment referred to was added to and increased during the year 1931. The petition was filed on May 5, 1932. A general demurrer to both counts of the petition was sustained, and the plaintiff excepted.

■ The owner of land abutting a street has an easement in the street, which includes the use of the street for the benefit of the land, including the right of ingress to and egress from the land. The owner's right is one peculiar and distinct to his lot, and differs from the right of the community in general to the use of the

street. *Campbell* v. *Metropolitan Street Railroad Co.,* 82 *Ga.* 320 (9 S. E. 1078) ; *Central of Ga. Ry. Co.* v. *Garrison,* 12 *Ga. App.* 369 (2) (77 S. E. 193) ; *Franklin* v. *Atlanta,* 40 *Ga. App.* 319 (149 S. E. 326) ; *Louisville & Nashville R. Co.* v. *Paschal,* 44 *Ga. App.* 140 (160 S. E. 684). Any interference with this right by an obstruction of the street which inflicts upon him a damage and inconvenience respecting his lot, which is different in kind from that inflicted upon the community in general, constitutes an injury for which he is entitled to recover damages. It is not necessary, to constitute an interference with the owner's easement in the street, that the obstruction causing the interference should be immediately in front of his lot or touching upon it. It is sufficient that the obstruction, although it may not be immediately contiguous to the lot, interferes with the owner's easement in the use of the street, and inflicts upon him a damage and inconvenience in the use of his lot which is different in kind from that inflicted upon the community in general. Where the street upon which the lot abuts is traversed by intersecting streets between which the lot is situated, an obstruction in that street, placed across its intersection with one of the cross-streets, which closes the street at that point and shuts the lot off from communication with the cross-street, thus creating a cul-de-sac, and thereby materially diminishing and curtailing the right of the owner of the lot to the free and uninterrupted use of the street as a means of access to and from different parts of the city, and inflicting upon him a peculiar injury as respects his lot, different in kind from that inflicted upon the community in general, he has a right of action for the damage caused by the obstruction. In Pennsylvania Company *v.* Stanley, 10 Ind. App. 421, it was held that "Where the raise in the grade of a street in approaching a bridge across and over a railroad (made necessary by the bridge being raised by the railroad company) closed one end of an alley which was one of the ordinary means of access to lots abutting thereon, so as to create a physical disturbance of the right to use the alley as a means of access to his lots, thereby diminishing the value of the lots, the owner of such lots shared not only the inconvenience with the general public, but suffered an absolute deprivation of a property right inhering in him individually as the owner of the lots, and is entitled to damages from the railroad company." In *Ward* v. *Georgia Terminal Co.,* 143 *Ga.* 80

(84 S. E. 37), at page 82, it is stated in a dictum that the owner of a lot abutting upon a street has the right to recover for the depreciation in the value of his lot caused by the street upon which his lot abuts being converted into a cul-de-sac. See *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850) ; *State Highway Board* v. *Baxter,* 167 *Ga.* 124 (144 S. E. 796) ; *City of Atlanta* v. *Dinkins,* 46 *Ga. App.* 19 (166 S. E. 429) ; Haynes v. Thomas, 7 Ind. 38; Goggans v. Myrick, 131 Ala. 286 (31 So. 22) ; 29 C. J. 551.

The right of the owner of a lot to recover damages for the diminution of the value of the lot, caused by an obstruction of the street in which it abuts, at its intersection with a cross street at the end of the block in which the lot is situated, is not affected by the fact that there is a fifteen-foot alley abutting the lot and situated between the lot and the obstruction, and which leads from the street upon which the lot is located to another parallel street. The alley being only fifteen feet wide, and not essentially a thoroughfare and an artery for traffic, and it not appearing that it serves the purposes of a street intersecting the street on which the lot abuts, between the lot and the obstruction, thereby rendering the obstruction harmless as an interference with the owner's easement in the street, the alley can not be regarded as a street, so as to bring the situation within the rule of *Ward* v. *Georgia Terminal Co.,* supra, where it was held that the owner of a lot can not recover for an obstruction placed upon the street upon which it abuts, where there is, between the lot and the obstruction, an intersecting street, and the landowner, notwithstanding the obstruction in the street, suffers no substantial reduction in his right in the easement of the street, but still has substantially the same communication to other parts of the city, through intersecting streets.

The owner of a lot abutting on a street has an easement in the street notwithstanding his lot may be a corner lot and also abuts upon another street. It is no defense to the lot owner's right to recover for a substantial interference with his easement in one of the streets upon which his lot abuts that he has access to his lot from the other street. Heinrich v. St. Louis, 125 Mo. 424 (28 S. W. 626, 46 Am. St. R. 490) ; Dudding v. White, 82 W. Va. 542 (96 S. E. 942).

Where an obstruction in the street interferes with the owner's right to the use of the street, and is authorized by law and is law-

fully and not negligently maintained and is permanent in character, and causes a diminution in the value of the property, the owner of the lot may recover, of the person erecting and maintaining the obstruction, damages only in the difference between the value of his property before the obstruction was erected and afterwards. *Moore* v. *Atlanta,* 70 *Ga.* 611; *Smith* v. *Floyd County,* supra; *City Council of Augusta* v. *Schrameck,* 96 *Ga.* 426 (23 S. E. 400, 51 Am. St. R. 146) ; *City of Atlanta* v. *Green,* 67 *Ga.* 386; *Roughton* v. *Atlanta,* 113 *Ga.* 948 (39 S. E. 316) ; *Langley* v. *Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133) ; *Sheppard* v. *Georgia Railway & Power Co.,* 31 *Ga. App.* 653 (121 S. E. 868), and cit. There can be no recovery in a sum representing the depreciation in the rentals during the continuance of the obstruction. The first count of the petition sets out a cause of action, but the second count of the petition does not.

■ It is not essential to the plaintiff's cause of action that it appear affirmatively from the petition that it is not barred by the statute of limitations. *Stringer* v. *Stringer,* 93 *Ga.* 320 (2) (20 S. E. 242) ; *Brock* v. *Wildey,* 132 *Ga.* 19 (63 S. E. 794) ; *Smith* v. *Ross,* 32 *Ga. App.* 411 (123 S. E. 721). It not appearing that the petition was barred by the statute of limitations, and the petition otherwise setting out a cause of action in the first count of the petition, the court erred in sustaining the general demurrer and dismissing the petition as to both counts. Civil Code (1910), § 4495. See Ga. L. 1925, pp. 208, 211, sec. 4, authorizing suits against the Highway Department. Code, Park's Supp. 1926, § 828(yyy-1) ; Michie, § 828(4).

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*