No. 62.—JAMES H. TRULUCK, SUTTON H. TRULUCK, and REUBEN HERNDON, and MORRIS SCOTT and ARTHUR HAIRE securities on appeal, plaintiffs in error, *vs.* JOHN PEEPLES, tenant in possession, and his co-defendants JAMES SIMMONS, JOEL L. SCARBOROUGH, JAMES M. SPURLOCK, Ex'or. and MALINDA HARGROVE, Ex'x. of ZACHARIAH B. HARGROVE, and LUTHER R. RAMSOUR, defendants in error.

[1.] Where a purchaser of land *without notice* of any fraud or defect in the title, purchases from one affected *with notice*, the former will be protected.

[2.] So where a purchaser *with notice*, purchases from one *without notice*, the purchaser with notice will be protected, for otherwise, a *bona fide* purchaser might be deprived of the benefit of selling his property for its full value.

Ejectment. From Cass Superior Court. Tried before Judge WRIGHT. August Term, 1847.

For the facts of the case, and the errors assigned, see the opinion delivered by the Supreme Court.

J. W. H. UNDERWOOD, for plaintiffs.

MITCHELL, for defendants.

*By the Court.*—WARNER, J., delivering the opinion.

It appears from the record in this case, that James Mathews was the drawer of lot of land number 106, in the 23d district of Cass county. The lessor of the plaintiff on the trial of the cause in the Court below, offered in evidence a grant from the State of Georgia of the premises in dispute, to James Mathews, also a deed from James Mathews to James H. Truluck and Sutton H. Truluck, dated the 29th January, 1833, which deed was not recorded

until the 21st June, 1839.   The lessor of the plaintiff then offered in evidence, a deed from the Trulucks to Reuben Herndon, for the premises, dated 23d May, 1839, which constituted the title under which the plaintiff claimed.   The defendants then read in evidence a deed from James Mathews, the grantee, for the premises in dispute, to Joel L. Scarborough, dated the 28th of January, 1833. This deed was recorded in the proper county on the 24th day of September, 1833.   Although the deed from Mathews to Scarborough is of older date than the deed from Mathews to the Trulucks, yet the evidence contained in the record shows, that the purchase of the lot of land by Scarborough from Mathews, was subsequent to the sale made by Mathews to the Trulucks, and consequently the deed from Mathews to Scarborough, must have been *antedated*, as it is quite clear from the evidence disclosed by the record, that Scarborough did not obtain his deed until some two or three days after the sale of the land by Mathews to James H. and Sutton H. Truluck.   In addition to the deed from Mathews to Scarborough, the defendants read in evidence a deed from Scarborough to Zachariah B. Hargrove, dated 8th February, 1833, for the premises, and also a deed from Hargrove and others, to Thompson, dated 3d October, 1836, also a deed from Thompson to Ramsour, dated 7th February, 1837, and a deed from Ramsour to Simmons, dated 24th October, 1838.

On the trial of the cause, the Court below charged the jury, " That admitting Scarborough purchased the land from Mathews, the drawee, after the Trulucks had bought the land, and with a full knowledge of the deed to the Trulucks, yet if Scarborough's deed was recorded within twelve months after it was executed, and Scarborough sold to Hargrove, who had no knowledge of the deed to the Trulucks, and Hargrove sold to Thompson, and Thompson to Ramsour, and Ramsour to Simmons, none of the purchasers from Scarborough having notice of the deed to the Trulucks; and all the deeds having been made before Trulucks' deed was recorded, and the defendants in possession, as proved, they, the defendants, could not be affected by the notice to Scarborough, and the defendants were therefore entitled to recover, unless Hargrove and all those claiming under him had notice of the deed to the Trulucks at the time they purchased, as the deed to the Trulucks was not recorded within the time prescribed by law."   To this charge of the Court below to the jury, the counsel for the plaintiffs excepted, and now assign the same for error in

[1.] this Court. Was the charge of the Court to the jury in accordance with the law of the case as presented by the record? We are of the opinion, that there was no error on the part of the Court below in the instructions given to the jury, and we entirely concur in the opinion of the Court as to the law arising upon the facts presented to us for our consideration.

Scarborough purchased from Mathews, the drawer of the land, *with notice* that the Trulucks had previously purchased the same land from the drawer; Scarborough's deed was recorded within the time required by law, after its execution. The deed from Mathews to the Trulucks was not recorded until June, 1839. Hargrove, under whom the defendants derived their title, purchased from Scarborough, in February, 1833, *without notice*, either actual or constructive, (so far as is shown by the record,) of the conveyance of the land, by Mathews to the Trulucks. It is a settled rule, that if one affected *with notice*, conveys to one *without notice*, the latter shall be protected equally as if no notice had ever existed. *Jackson* vs. *Given et al.*, 8 *Johns. R.* 137. *Varick* vs. [2.] *Briggs et. al.*, 6 *Paige Ch. R.* 323. So where one *without notice* conveys to one *with notice*, the purchaser with notice will be protected; for otherwise, a *bona fide* purchaser might be deprived of the benefit of selling his property for its full value. *Ib.* 329; *Jackson* vs. *McChesney*, 7 *Cowen R.* 360. Scarborough was a purchaser from Mathews, *with notice* of the prior conveyance to James H. and Sutton H. Truluck, but Hargrove, and those claiming under him, purchase from Scarborough *without notice* of the prior deed from Mathews to the Trulucks, and therefore are, under the rule, entitled to be protected.

Let the judgment of the Court below be affirmed.