### 30704.   SWINSON *v.* JONES.

DECIDED JANUARY 31, 1945.   REHEARING DENIED MARCH 2, 1945.

M. H. Blackshear, L. F. Watson, for plaintiff in error.

R. I. Stephens, contra.

FELTON, J. This case was transferred to this court by the Supreme Court. Swinson v. Jones, 198 Ga. 327 (31 S. E. 2d, 592). M. H. Jones recovered a money judgment against E. E. Swinson for timber unlawfully cut in 1935. Swinson's motion for a new trial was overruled and he excepted.

■ The court erred in overruling the motion for a new trial for the reason that the undisputed evidence shows that, at the time of the filing of the present action (October 28, 1938), the right of action was in Mrs. Nannie C. Jones, and not in M. H. Jones. M. H. Jones testified that his mother, Mrs. Nannie C. Jones, owned the land, and that on June 17, 1919, she executed and delivered to him a security deed conveying to him the land from which the timber was cut to secure a loan of $3000, and that this was the only deed he had. While he stated that the land was his, and was so treated by him and the other heirs of his mother, his testimony and the security deed, which was in evidence, conclusively show that he was to acquire the absolute title to the land upon his mother's death by deed from the other heirs. On this question he testified: "I came into possession of this land about twenty-five years ago. My mother had it in the loan and couldn't pay it out, and I took it over and paid it out, and when I paid it out she gave me this deed. . . I controlled it as mine, and it was considered as mine. I have been in possession of it ever since, controlling it and getting the profits. . . I don't have a warranty deed to this land. That security deed from my mother to me, dated June 17, 1919, to secure a loan of $3000 is the deed I claim title under, but I came into possession of it before then. I recognized her title by accepting that deed to it, as long as she lived. . . There has been no administration on her estate. When she died Emory Baldwin promised to fix the deed, and they all promised to sign it, and he never did do it, and that is the way it was left. . . All of them voluntarily promised to sign one [deed] when my mother died. . . I was to get the deed to the land when my mother died. My sisters and brothers were to sign it. . . She held this land as a year's support until her death, and at her

death I was to get an absolute title from my brothers and sisters. . . My mother died in 1940. I will get the deed at any time I want it. I paid it out of the loan the date that security deed was signed. . . None of the children have claimed any part of it. I had it fixed that way so if any of them got dissatisfied in five years, they could pay their part. . . All of us were living at home at the time this land was set apart as a year's support in 1905, and they all continued to live there until they got grown and married off, or left. When my mother died, she [had] been away from this place about three years. Up until the time that my mother moved away, me and my brother, Clent Jones, lived there with her." There is no evidence to authorize a finding that M. H. Jones acquired title to the land prior to 1935 in any manner recognized by the law. If he could be said to have acquired it upon his mother's death such after-acquired title would not support his action. *Town of Decatur* v. *Randall,* 144 *Ga.* 727 (2) (87 S. E. 1036); *Louisville & Nashville R. Co.* v. *Ramsay,* 134 *Ga.* 107 (67 S. E. 652); *Deas* v. *Sammons,* 126 *Ga.* 432 (55 S. E. 170, 7 Ann. Cas. 1124); *Allen* v. *Macon, Dublin & Savannah R. Co.,* 107 *Ga.* 838 (33 S. E. 696). A cause of action must exist at the time of the filing of the action. *Martin* v. *McLain,* 51 *Ga. App.* 336 (3) (180 S. E. 510), and cit. Prior to the act of 1939 (Ga. L. 1939, p. 340), the holder of a security deed, without more, was not authorized to institute such an action as the instant one. *Federal Land Bank* v. *St. Clair Lumber Co.,* 58 *Ga. App.* 532 (199 S. E. 337); *Mills Lumber Co.* v. *Milam,* 57 *Ga. App.* 211 (194 S. E. 911).

The court erred in overruling the motion for a new trial for the reason stated. The second headnote requires no discussion. It is not necessary to pass on the other questions raised.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*