31046.  MOORE *v.* BOWEN, trustee.

DECIDED NOVEMBER 21, 1945.

*Watts Powell,* for plaintiff in error.

*L. L. Woodward, J. W. Dennard,* contra.

FELTON, J.  The plaintiff in error contends that a new trial

should be granted because there was no evidence that S. F. Bowen (the plaintiff below), was the trustee of his children under the will of W. J. Bowen as alleged, or that he as trustee, was the owner of the lands involved. The defendant in error (the plaintiff below) contends that the defendant, H. F. Moore, by alleging in his answer that he had cut what timber he had cut under a contract with S. F. Bowen, is precluded from denying Bowen's ownership of the property as trustee, and that no evidence of trusteeship or title as trustee was necessary. We are unable to agree with the defendant in error. The petition alleged a wilful trespass. The verdict of the jury was for a wilful trespass, for the reason that no verdict under the evidence could have been rendered for more than $267.45 if the jury found that the timber had been cut in good faith. Recovery was had, therefore, not on the theory that the defendant below had a contract to cut the timber, that it was sold to him by the plaintiff as trustee; but, on the other hand, the recovery was on the theory that the defendant below did not have a contract of purchase of the timber. In these circumstances, the defendant below was entitled to strict proof of the allegations that the plaintiff was trustee for his children and owned the land as such. There is no inconsistency in the plea of the defendant. He had a right to admit the trusteeship of the plaintiff and submit to a judgment under the contract that he alleged he had, and to deny the trusteeship and title thereunder, if the plaintiff's contention was that there was no contract and that the defendant below was a wilful trespasser. The defendant by his plea says in effect that, if the plaintiff will admit that the defendant had a contract with the plaintiff, then he will not require the plaintiff to prove his trusteeship insofar as the transaction involving the question of contract is concerned. However, if the plaintiff denies that the defendant had a contract with him as trustee for his children, and charges the defendant with wilful trespass, the defendant will require the plaintiff to strictly prove the fact of trusteeship, as he only admits the trusteeship insofar as the alleged contract is involved. This does not conflict with the principle that the defendant cannot both admit and deny the cause of action upon which the plaintiff relies to recover. There was no valid evidence that the plaintiff was trustee as al-

leged. Neither the will nor possession or title in W. J. Bowen at the time of his death was proved. No actual possession was shown in the plaintiff as trustee at the time of the trespass. See *Swinson* v. *Jones, 72 Ga. App.* 147 (33 S. E. 2d, 376), and citations. The testimony of S. F. Bowen to the effect that he claimed ownership of the timber as trustee for his children, and that he was plaintiff as such trustee is not sufficient to establish the allegations under discussion. The plaintiff's evidence does not show that he was in any kind of possession of the land on which the timber was located. He testified that he lived on lot 52, which he owned individually, and that the timber was cut on two other lots, separate and distinct. Actual possession only gives a right of action in such cases. *Swinson* v. *Jones,* supra.

In the absence of proof of the fact that the plaintiff was trustee for his children and that he owned the title to the timber as such, the verdict was without evidence to support it. There is no merit in any of the other assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*