37899. DOUGHERTY COUNTY *v.* PYLANT *et al.*
37900. DOUGHERTY COUNTY *v.* EDGE.

DECIDED DECEMBER 3, 1959—REHEARING DENIED
DECEMBER 17, 1959.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Smith, Gardner & Kelley, Asa D. Kelley, B. C. Gardner, Jr.,* for plaintiff in error.

*E. L. Smith, Lippitt & Lippitt, S. B. Lippitt, Burt & Burt, W. H. Burt,* contra.

QUILLIAN, Judge. ■ These are actions to recover damages to real property resulting from acts of the State exercising its power of eminent domain under the constitutional provisions that property will not be taken or damaged without just compensation. Art. I, Sec. III, Par. I (Code § 2-301); *Felton* v. *State Highway Board,* 47 *Ga. App.* 615 (171 S. E. 198); *Dougherty County* v. *Long,* 93 *Ga. App.* 212 (91 S. E. 2d 198); *Chambers* v. *Cincinnati & Ga. R.,* 69 *Ga.* 320. The plaintiffs bring this action under the procedure prescribed by Code § 85-1710.

It is the contention of the defendant that the plaintiffs are not entitled to maintain this action at the present time because it does not appear that the highway in question has been completed. It is provided by Code § 95-1712: "The State Highway Department shall not be liable under existing laws for damages ac-

cruing on such additional State-aid roads taken into the system under this law, until construction thereon has been begun under the direction of the State Highway Board and such additional State-aid roads opened to traffic by the said Board." However, the provision of Code § 95-1710 clearly states that the action will be against the county. The State is not a party, though it has the right to defend and is ultimately liable.

Even if Code § 95-1712 is considered applicable, the evidence shows that the roads in question were opened to traffic prior to the bringing of this action. The addition of an interchange at the junction of two State-aid roads or the relocation of a portion would not alter the date these highways were opened to traffic. *Dougherty County* v. *Hamilton*, 99 *Ga. App.* 468 (108 S. E. 2d 886).

Code § 95-1712 is a part of the Neill Act (Ga. L. 1929, p. 260 et seq.). That act designated the roads which were or became State-aid roads as of the date of the act with authority of the State to take over or construct additional roads, and with provisions for the circumstances under which the State would commence payment to the county of a proportionate part of the gasoline tax per mile of road, and it then provided that (p. 268) "the State Highway Department of the State of Georgia shall not be liable under existing laws for damages accruing on such additional State-aid roads created by this Act until the rights of way have been provided by the counties and construction thereon begun under the direction of the State Highway Board and such additional State-aid roads opened to traffic by the State Highway Department." The map appended to the act shows the east-west road between Albany and Sylvester, as well as the north-south road between Albany and Camilla, to have been State-aid roads as of that time. These are the roads alleged and stipulated in the petition and on the trial of this case as U. S. Highway No. 82 and U. S. Highway No. 19 respectively, State-aid roads to which the plaintiffs had access until the embankment was erected across the county road on which the plaintiff's property is located. The mere construction of an interchange in the area of the intersection is not, in our opinion, the construction of an additional State-aid road but it is merely an improvement on

State-aid roads already in existence and open to public travel under the authority of the State Highway Department. Having been a part of the State-aid road system open to public travel, the improvement in the form of the interchange did not remove these roads from the State-aid system so that they would have ·to be re-accepted by the State Highway Department and re-opened for travel before liability attached to the State Highway Department. We accordingly conclude that Code § 95-1712 does not apply in this case, and that the action is not prematurely brought.

■ The exception to the trial judge charging the provisions of Code § 95-1710, and the allusion to the name of the State Highway Department, as a party to the case, is without merit and shows no harmful error. The legislature prescribed the procedure whereby a property owner recovers from the county in which the improvements are made for damages done to private property by the State Highway Department. Though it may be novel, the county becomes liable for the acts of the State Highway Department. The statute further provides that the State is ultimately liable for any judgments obtained in such actions and shall defend said suits if properly served by second original. *Taylor* v. *Richmond County*, 185 *Ga.* 610 (196 S. E. 37); *Hardin* v. *State Highway Board of Ga.*, 185 *Ga.* 614 (196 S. E. 40); *Taylor* v. *Richmond County*, 57 *Ga. App.* 586 (196 S. E. 303); *Page* v. *Washington County*, 48 *Ga. App.* 791 (173 S. E. 868); *Lincoln County* v. *Gazzaway*, 43 *Ga. App.* 358 (158 S. E. 647). Consequently, the trial judge found it appropriate to mention the State Highway Department in order to explain how a verdict would be authorized against the county for acts of another, i.e., the State. Perusal of the above authorities shows the intent of this Code section is to allow an action to recover from the State in the county where the road is being constructed. For all intents and purposes the State is a party though not a party of record.

■ In Case No. 37900 in ground 2 of the amended motion for a new trial the following charge is excepted to: "I charge you that, when private property is taken or damaged by the authorities of a county or their duly authorized servant, without just compensation being first paid, a right of action arises in fa-

vor of the owner of the property, which may be enforced against the county, and the owner is entitled to recover adequate compensation for the property taken or damaged." There is a similar exception to a similar charge in Case No. 37899. Though these charges were error, for the reason that there was no question involved pertaining to the county's separate liability for damages, the only question involved was whether the property had been damaged on a State-aid road the liability for which would ultimately lie with the Highway Department. Since the evidence demanded the finding that the State Highway Department was ultimately liable for whatever damage was done, the charges were not harmful.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. I think that the general demurrers to the petitions and certain special demurrers directed at the failure of the petitions to allege that the highway on the access highway embankment had been opened to traffic by the State Highway Department should have been sustained. The causes of action here would not arise until the road on the embankment had been opened to traffic, and the actions were premature. Code § 95-1712; *Habersham County v. Knight,* 63 *Ga. App.* 720 (12 S. E. 2d 129); *Waters v. DeKalb County,* 208 *Ga.* 741 (2) (69 S. E. 2d 274). The fact that the two highways to be connected by the interchange (embankment) had been open for traffic for years does not alter the situation. Code § 95-1712 applies because the State Highway Department is ultimately liable and cannot be sued directly in such a case.