38977. DOUGHERTY COUNTY v. PYLANT *et al.*

Decided September 6, 1961—Rehearing denied
September 28, 1961.

*E. L. Smith, Lippitt & Lippitt, S. B. Lippitt,* contra.

Jordan, Judge. These headnotes do not require any elaboration in the opinion.

In *Dougherty County v. Pylant,* 216 Ga. 102 (114 SE2d 861), the Supreme Court on writ of certiorari to the Court of Appeals (See *Dougherty County v. Pylant,* 100 Ga. App. 856, 112 SE2d 334) held that a suit brought by the present plaintiffs based on the identical cause of action was premature in that the conditions of *Code* § 95-1712 had not been met because the construction of the State-aid road upon which the cause of action was based had not been completed and the road formally opened to traffic by the State Highway Department. The instant petition alleges that this condition precedent has occurred in that the road has been opened to traffic. However, the allegations of the amended petition affirmatively disclose that prior to the opening of the road to traffic plaintiffs sold the property which is alleged to have been damaged by the construction of said highway.

For this reason it is contended by the defendants that the petition failed to state a cause of action and that the trial judge accordingly erred in overruling the general demurrers thereto.

With this contention we cannot agree. While it was held in *Waters v. DeKalb County*, 208 Ga. 741 (69 SE2d 274) that a cause of action for injury and damage to private property resulting from the construction of a road or highway by the State Highway Department does not accrue until the completion of the project and its opening to traffic by the board, it is our opinion that, as held in *State Highway Dept. v. McClain*, 216 Ga. 1 (114 SE2d 125), this simply restricts the authority of the property owner to institute suit until this condition precedent has been performed.

Accordingly, where the allegations of the petition disclose that the plaintiff's property, at the time owned by him, was damaged by the construction of said project and its market value diminished, it is immaterial that the plaintiff no longer owns the property at the time at which suit may be instituted.

■ The measure of damages in such case, however, is still the diminution in market value of the property as between the time immediately before the construction of the project and immediately after the compliance with the provisions of *Code* § 95-1712.

The instant petition stating a cause of action, the trial court did not err in overruling the general demurrers thereto.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*

## ON MOTION FOR REHEARING.

It is contended by the plaintiff in error on motion for rehearing that, assuming for the sake of argument that the right of action did vest in the plaintiffs at the time of the damage, such right of action was extinguished in the plaintiffs by their subsequent conveyance of the property to a third person prior to the institution of the suit.

This contention is without merit. While a chose in action arising from a tort is assignable where it involves, directly or indirectly, a right of property (*Code* § 85-1805; *Sullivan v. Curling*, 149 Ga. 96, 99 SE 533, 5 ALR 124), such right of action, involving property, does not "run with the land" (*Allen v. Macon, Dublin &c. R. Co.*, 107 Ga. 838 (3), 33 SE 696) ; and there-

fore does not pass to a subsequent purchaser by deed in the absence of a specific assignment thereof. *Patellis v. Tanner,* 199 Ga. 304, 314 (34 SE2d 84); *Martin v. Medlin,* 83 Ga. App. 589, 593 (64 SE2d 73); *Swinson v. Jones,* 72 Ga. App. 147, 149 (33 SE2d 376).

The cases relied upon by the plaintiff in error in support of its contention are not in point here. In *Evans v. Brown,* 196 Ga. 634 (27 SE2d 300), it was held that the conveyance of an estate in fee simple vested in the grantee all of the grantor's rights as to the property, including the right of suit for breach of a conditional limitation contained in the deed, where the breach occurred prior to the conveyance. This case did not involve the assignment of a chose in action arising from a tort involving property. In the case of *Sullivan v. Curling,* 149 Ga. 96, supra, it was simply held that the allegations of the petition were sufficient, in the absence of appropriate special demurrers, to allege an assignment of the chose in action, as against general demurrer.

*Rehearing denied.*