## 39293. RICHMOND COUNTY v. SIBERT.

Decided February 28, 1962—Rehearing denied
March 20, 1962 and March 28, 1962.

*Eugene Cook, Attorney-General, Carter Goode, E. J. Summerour, Assistant Attorneys-General, Franklin H. Pierce,* for plaintiff in error.

*Isaac S. Peebles, Jr., Jay M. Sawilowsky,* contra.

Felton, Chief Judge. 1. "Where a street upon which the plaintiff's property abuts is closed by an obstruction at one end, which, as respects the plaintiff's property, makes the street upon which it abuts a cul-de-sac, although the obstruction is neither immediately in front of the property nor touches the property, and the obstruction thereby materially diminishes and curtails the right of the owner to the free and uninterrupted use of the street in front of his property, as a means of access to and from different highways, it constitutes a special damage to the property, different in kind from that inflicted upon the public in general, and the owner has a right of action for damages therefor. *Felton. v. State Highway Board,* 47 Ga. App. 615 (171 SE 198), and cases therein cited." *Dougherty County v. Pylant,* 104 Ga. App. 468 (1) (122 SE2d 117); *Dougherty County. v. Long,* 93 Ga. App. 212 (91 SE2d 198).

2. Plaintiff in error contends that the action was prematurely brought and that the evidence demands a finding to this effect. The question whether an action is prematurely brought must be raised by a plea in abatement or, if the defect appears on the face of the record, by a special demurrer. *Norwood Realty Co. v. P. H. Holmes, Inc.,* 98 Ga. App. 839 (107 SE2d 292) and cases cited. There was no such special demurrer or special plea in this case and the question of prematurity of the action is not before this court for determination. The reason for this rule is that the prematurity of the filing of an action is not one involving the merits of the case and a verdict against the

plaintiff in such an action would not disclose whether the jury's verdict was based on the merits of the case or on the question of prematurity. If the verdict happened to be based on a finding that the action was premature, the plaintiff would be barred from rebringing his action because he would be precluded by the all-inclusive verdict. This conclusion is demanded by the ruling in the case of *Horne v. Rodgers,* 103 Ga. 649 (1) (30 SE 562). In this connection see also *Massee v. Stetson,* 27 Ga. App. 89 (1) (107 SE 362) and cases cited; *Adams & Johnson v. Branan,* 120 Ga. 530 (48 SE 128). The plaintiff in error contends that the cases cited hereinafter in Division 3 demand a ruling contrary to the one we are making. These cases are no more than physical precedents. The point we are deciding here was not made and ruled upon in those cases. The writer, speaking for himself alone, is of the opinion that, if the latest cases decided by the Supreme Court are contrary to what is here ruled, the Court of Appeals is bound by the principles enunciated by the *oldest Supreme Court decision,* and not by the *latest* expression of the Supreme Court which does not overrule, modify, or distinguish its oldest case. It is unquestioned that the Supreme Court is bound by *its* oldest decisions. If the Court of Appeals is bound by the *latest* opinions of the Supreme Court the result would be an anomaly, which would mean that the law of any particular case would depend on which appellate court decided it. For example, it would result in a situation where the law might be one thing if a final ruling was made by the Court of Appeals and another thing if the Supreme Court granted certiorari and decided the case; in other cases the law would be determined by which appellate court had jurisdiction to decide them.

3. The ruling in Division 2, if correct, controls the question as to whether the action was premature. If the ruling in Division 2 is incorrect and is overruled, the following additional ruling will obtain and apply as to the question of the prematurity of the action. "Under *Code* § 95-1712 the authority of the property owner to institute a suit authorized by *Code Ann.* '§ 95-1710 is restricted until the State-aid road involved is completed and opened to traffic by the State Highway Board. *Waters v. De-*

*Kalb County*, 208 Ga. 741 (69 SE2d 274) ; *State Highway Dept. v. McClain*, 216 Ga. 1 (114 SE2d 125) ; *Dougherty County v. Edge*, 216 Ga. 100 (114 SE2d 862)." *Dougherty County v. Pylant*, 104 Ga. App. 468 (3), supra. Since the plaintiff below alleged and proved the completion and the opening of the road to traffic by the State Highway Board, prior to the filing of the action, as required by *Code* § 95-1712, as interpreted by the Supreme Court in the above cited cases, the facts that the road had not yet been accepted by the State Highway Board and that a bridge at one end of the road, said bridge not being a part of the same project as the road, had not yet been completed, did not make the filing of the action premature.

The trial court did not err in its judgment overruling the plaintiff in error's motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Bell and Hall, JJ., concur.*