39796. DECATUR COUNTY v. SETTLES et al.

DECIDED NOVEMBER 26, 1962—REHEARING DENIED
DECEMBER 17, 1962.

*Eugene Cook, Attorney General, Carter Goode, Richard L. Chambers, Assistant Attorneys General, Hubert M. Crane, Jr., W. H. Miller,* for plaintiff in error.

*H. G. Rawls, Harold Lambert,* contra.

BELL, Judge. The question for determination is whether a cause of action is stated by a petition which alleges: the closing of a public road approximately ⅓ of a mile from the plaintiffs' property; that there are intersecting streets in an incorporated area between the property and the obstruction; that none of the plaintiffs' property is taken or physically invaded; that plaintiffs' access to that part of the road on which their property abuts remains as undisturbed as it was before the blocking of the public road; that the plaintiffs suffered damages not inflicted upon the public generally; and that the property and the streets or alleys are located within city limits.

The special damage alleged consists of the loss of business patronage produced by the lessened accessibility to the plaintiffs' property by the complete closing of one of the main streets which the customers traversed in reaching the place of business.

Construing, as we must, the petition most strongly against the plaintiffs upon general demurrer, it appears that the closing of the road was at a point beyond the first block from the plaintiffs' property. The plaintiffs contend that the instant case is controlled by *Felton v. State Highway Board,* 47 Ga. App. 615 (171 SE 198), which holds that any interference by an obstruction of the street with the owner's right of ingress or egress to and from his land which inflicts upon him a damage which is different in kind from that inflicted upon the community in general

constitutes an injury for which he is entitled to recover damages. However, the closing of the street in *Felton* was at the intersection with one of the cross streets upon which the plaintiff's lot abutted so that the obstruction was *in the block* where the plaintiff's property was located. The obstruction was also either abutting the property or directly in front of it or within the block in the following cases relied upon by the plaintiffs: *Dougherty County v. Hornsby*, 94 Ga. App. 689, 695 (96 SE2d 326); *Dougherty County v. Long*, 93 Ga. App. 212 (91 SE2d 198); *Dougherty County v. Pylant* and *Dougherty County v. Edge*, 100 Ga. App. 856 (112 SE2d 334); rev'd. in part, 216 Ga. 102 (114 SE2d 861); s.c. 216 Ga. 100 (114 SE2d 862); s.c., 104 Ga. App. 468 (122 SE2d 117); and *Richmond County v. Sibert*, 105 Ga. App. 581 (125 SE2d 129). See also *Tift County v. Smith*, ante.

In *Ward v. Georgia Terminal Co.*, 143 Ga. 80 (84 SE 374), the Supreme Court held that there was no cause of action in favor of the landowners where a portion of the street was altered and changed in grade beyond a cross street from the plaintiff's property. See also *Georgia Terminal Co. v. Temple Baptist Church*, 144 Ga. 791 (87 SE 1023).

The right of action for damage to the property exists where the obstruction is within the first block. *Pause v. City of Atlanta*, 98 Ga. 92 (26 SE 489, 58 ASR 290). *Hurt v. City of Atlanta*, 100 Ga. 274 (3, 4) (28 SE 65) and cases cited above.

Both by the decisions of the Supreme Court and of this court the rule has become firmly established in this State that the property owner whose right of access is damaged by public improvements to the streets either by obstructing or cutting off completely access or travel in a particular direction lies in his favor *only* when the interference is at or within *the first intersecting block* from his property. We feel that the cul-de-sac rule should not be extended beyond the one-block rule within municipalities nor do we think this court would have the authority to do so in view of the Supreme Court's decision. Furthermore, any other rule would make public improvements prohibitively expensive and unduly burden the taxpayer.

For the reasons stated the trial court should have sustained the general demurrer to the plaintiff's petition.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*