29522. STEIN et al. v. MADDOX et al.
29523. OLD MILTON REALTY, INC. v. STEIN et al.

INGRAM, Justice.

This case began in Fulton Superior Court with a complaint, filed by appellants Jack C. Stein, Labe B. Mell, Cecil G. Reed, Lanny King and Mrs. Ethel Wise, against Old Milton Realty, Inc., seeking monetary damages for the alleged breach of a warranty contained in the contract of sale of real property owned by plaintiffs.

A second complaint was filed several days later, realleging the original claim against Old Milton, and also naming as additional defendants the appellees Fulton County, John R. Maddox and a general partnership known as Big Creek Associates. The second complaint sought mandamus relief against the county requiring it to open Old Roswell-Duluth Road as a public road, cancellation of a 1969 quitclaim deed from the county to Maddox, and monetary damages. The trial court consolidated the two cases and all parties moved for summary judgment.

The trial court granted the county's motion and dismissed it as a party defendant; granted the joint motion of John R. Maddox and Big Creek Associates and dismissed them as defendants; denied the motion of the plaintiffs against all defendants, except Old Milton against whom it granted judgment on the issue of liability for breach of warranty; and, finally, the trial court denied Old Milton's motion and declined to dismiss it as a defendant. If all rulings of the trial court are correct, this will leave for trial only the question of damages owed by Old Milton for the alleged breach of the contractual warranty. Plaintiffs have abandoned their claims for damages against all other defendants.

Plaintiffs filed the main appeal, seeking review of the trial court's order dismissing Maddox, Fulton County

and Big Creek Associates as defendants and denying plaintiff's motion for summary judgment against these defendants. The cross appeal is by Old Milton from the grant of partial summary judgment (as to liability) against it and the denial of its motion for summary judgment.

The plaintiffs own a tract of 15.5 acres lying north of, and contiguous to, Old Alabama Road in North Fulton County. This land was owned by Lynn F. Shufelt prior to May, 1969, when it was conveyed to Old Milton Realty, Inc. The sales contract from Old Milton in 1971, contains the following warranty which plaintiffs claim has been breached: "Seller warrants that the property has access to Holcomb Bridge Road as shown and designated on a plat for Old Milton Realty, Inc., dated May 19, 1969, and prepared by Kenneth L. Carlisle, Surveyor, which plat is incorporated herein, and the seller shall further warrant that said easement shall be of such width so as to permit the purchaser to comply with all the state, county and city regulations controlling the construction and maintenance of a public thoroughfare or roadway which shall service the property described in Exhibit 'A' [the property now owned by plaintiffs] and this warranty shall survive the closing of this transaction."

The defendant partnership, Big Creek Associates, owns a tract of land lying south of plaintiffs' property and the two tracts are separated by Old Alabama Road which runs generally in an easterly-westerly direction. There is an undisputed public road known as Holcomb Bridge Road, which also runs generally in an easterly-westerly direction, and lies immediately south of, and contiguous to, the property of Big Creek Associates. Plaintiffs claim access to Holcomb Bridge Road from their property by an old roadway identified as the Old Roswell-Duluth Road which extends from Old Alabama Road in a southerly direction, across the property of Big Creek Associates, to the north side of Holcomb Bridge Road.

The origin of the present dispute involves the status of the roadway identified as the Old Roswell-Duluth Road. Plaintiffs claim this road is a public road in Fulton County. Defendants Big Creek Associates and John R. Maddox contend this road was never a public road but

that even if it were at one time, it has been legally discontinued as a public road by Fulton County. The property of Big Creek Associates was owned by defendant Maddox until June 15, 1973.

In March, 1969, defendant Maddox, as the owner of the property, obtained from Fulton County a quitclaim deed by and through the county board of commissioners. The description contained in the quitclaim deed traces the boundaries of the Maddox property now owned by Big Creek Associates. The disputed roadway, Old Roswell-Duluth Road, is included within the boundaries of the Maddox property and was, therefore, included in the quitclaim deed description. The deed recites that "[t]he purpose of this quitclaim deed is to release all right, title, interest and property which was previously utilized by [Fulton County] for road purposes prior to the relocation of Holcomb Bridge Road to its present location." The quitclaim deed recites a consideration of $1 and other valuable consideration. The $1 consideration has never been paid.

At the time the Commissioners of Fulton County authorized the quitclaim deed and it was executed and delivered to defendant Maddox (the predecessor in title to Big Creek Associates), the property now owned by plaintiffs was owned by Lynn F. Shufelt who is not a party to this litigation. Shufelt conveyed the property to Old Milton in May, 1969, and plaintiffs subsequently acquired it in 1971. Sometime thereafter plaintiffs entered into negotiations with Fulton County to open up and improve the Old Roswell-Duluth Roadway for access from their property to Holcomb Bridge Road, across the property previously owned by Maddox and now owned by Big Creek Associates. Apparently, plaintiffs sought to have Fulton County either condemn Old Roswell-Duluth Road as a public road or condemn additional land of Big Creek Associates along Old Roswell-Duluth Road to widen and improve it.

These negotiations never ripened to fruition, and on November 6, 1972, the City of Roswell annexed into the city land which included the properties of plaintiffs and the defendant Big Creek Associates and the Old Roswell-Duluth Road. Thereafter, Fulton County notified

plaintiffs that the county was prohibited by a constitutional amendment (Art. XI, Sec. I, Par. I, Georgia Constitution, as amended by Ga. L. 1951, p. 828; 1953, Nov.-Dec. Sess., p. 144; and 1966, p. 924) from performing any road work within the area annexed by the City of Roswell.[1] If this is correct, mandamus will not lie as there would be no duty on the part of Fulton County to improve the road. However, we do not reach this issue as it is unnecessary for decision in this case.

---

[1] A brief history of this area of Fulton County, patched together from the evidence in the record, may be helpful in placing the present dispute in clearer perspective. This area of Fulton County, in which the parties' lands lie, was originally a part of Milton County. When Fulton County annexed Milton County, about 1932, Fulton continued to maintain the roads that had been maintained by Milton County. There were, however, very few, if any, deeds conveying roadways to Milton County. Thus, Fulton County does not have documentary title to the Old Roswell-Duluth Road. The road system in this area of Fulton County was not the same prior to 1954 as it is at the present time. At that time, the portion of the present Holcomb Bridge Road which extends westerly from the intersection of Old Roswell-Duluth Road and Holcomb Bridge Road did not exist. It was necessary for one traveling to the west along Holcomb Bridge Road to bear to the right along Old Roswell-Duluth Road, then bear to the left at Old Alabama Road and proceed over a bridge across Big Creek on Old Alabama Road. Old Roswell-Duluth Road was, at that time, a dirt road, and still is a dirt road. The road was used regularly by the public as a "farm to market road." It is not possible to travel on that portion of Old Alabama Road which lies to the east of the intersection of Old Alabama and Old Roswell-Duluth Road. That portion of Old Alabama Road became impassable sometime when it was in Milton County. At the present time there are 20 to 30-year-old trees growing in the roadbed of that portion of Old Alabama Road. About 1953, that portion of Holcomb

## Main Appeal.

We turn first to the mandamus relief sought by plaintiffs against Fulton County. Code Ann. § 64-102 provides that a resident of a county may bring an action for mandamus to require his county government to maintain a public road in passable condition. See *Fountain v. Bryan,* 229 Ga. 120 (2) (189 SE2d 400) (1972).[2]

There appears to be a genuine issue as to whether the Old Roswell-Duluth Road is a public road. Fulton County has never held documentary title to this road and we cannot determine on summary judgment in this case its exact width or whether it is a public or private roadway.[3] See *Dunaway v. Windsor,* 197 Ga. 705 (30 SE2d 627).

Nevertheless, even if we assume that Old Ros-

---

Bridge Road which extends westerly from Old Roswell-Duluth Road was constructed together with a bridge over Big Creek. About 1954, or 1955, the bridge over Big Creek along Old Alabama Road was destroyed. Thereafter, the Old Roswell-Duluth Road was useful only as a means of access to the property now owned by plaintiffs and it is passable.

[2]This provision authorizing mandamus requires the resident to show the public road in question does not meet the standards prescribed by Code §§ 95-105, 95-106 and 95-408, and is in such condition that ordinary loads, with ordinary ease, cannot be hauled over such public road. These three sections referred to in Code Ann. § 64-102, appear to establish, at least in part, the standard of maintenance required of counties. They were repealed when the General Assembly enacted the Code of Public Transportation in 1973. See Ga. L. 1973, pp. 974, 1174. Quaere: Did the repeal of these Code sections, apparently eliminating a part of the prior standards for counties to maintain public roads, affect the mandamus action authorized by § 64-102? This issue was not briefed or argued and will not be decided.

[3]Defendants Maddox and Big Creek Associates concede that plaintiffs have a present right to use the Old Roswell-Duluth Road as a private way.

well-Duluth Road was a public road prior to the execution and delivery of the quitclaim deed from Fulton County to John R. Maddox, plaintiffs cannot succeed in obtaining the mandamus relief sought against Fulton County. The uncontradicted evidence in the record on appeal shows that the Old Roswell-Duluth Road is open and passable. This conclusion is substantiated by plaintiffs' answers to the interrogatories of defendants Maddox and Big Creek Associates in which plaintiffs agree that a car may be driven over the road. Plaintiffs' answers to these interrogatories also effectively concede that the only interference of their use of the Old Roswell-Duluth Road is not from any defect or obstruction in the road, but rather, "because the Maddox people and Big Creek Associates have denied it is a public road, and despite orders . . . by the Fulton County Commission to condemn the additional right-of-way for which [plaintiffs] are willing to pay, the county has not done so because of the cloud on the title."

As we read the record, plaintiffs produced no evidence on the summary judgment motions to prove Old Roswell-Duluth Road is in need of repair to make it passable. Code Ann. § 81A-156 (e) provides, in pertinent part, "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." An application of this section to the present case requires that we affirm the trial court's ruling which granted summary judgment to Fulton County on plaintiffs' claim for mandamus. See, also, *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173).

We next examine whether plaintiffs' claim to cancel the quitclaim deed from Fulton County to John R. Maddox is authorized because Fulton County failed to notify plaintiffs' predecessor in title that the county was considering a conveyance of its interest in Old Roswell-Duluth Road to Maddox. It is uncontested that

Lynn F. Shufelt, the owner of plaintiffs' land at the time the quitclaim deed was executed, did not receive any prior notice of Fulton County's resolution to convey its interest in Old Roswell-Duluth Road to John R. Maddox. Plaintiffs contend that Shufelt was entitled to such notice under Code §§ 95-207 and 95-203, and the failure to notify him entitles plaintiffs, as successors in title, to maintain the present action for cancellation of the quitclaim deed.

Code §§ 95-207 and 95-203 were repealed in 1973 when the Code of Public Transportation was enacted. Ga. L. 1973, p. 947. However, both §§ 95-207 and 95-203 were in effect at the time of the transactions involved in this litigation, and none of the parties contend that plaintiffs' present action was affected by the repeal of these sections. Thus we will treat §§ 95-207 and 95-203 as applicable to the right to notice in this case. The current provisions governing the abandonment of a public road by a county are, Ga. L. 1973, pp. 947, 1023 (§ 95A-618), and Ga. L. 1973, pp. 947, 1023; 1974, pp. 1422, 1430 (§ 95A-619). The notice provision, contained in § 95A-619 (b), requires the county to notify "property owners located thereon," i.e., located on the road to be abandoned.

Under §§ 95-203 and 95-207 the rule is that one who was entitled to notice but who did not receive such notice may maintain an action for the cancellation of a quitclaim deed which operates to discontinue a public road. However, persons not entitled to notice do not have standing to claim that the county did not comply with § 95-203. *Jackson v. Chatham County,* 225 Ga. 641 (170 SE2d 418) (1969); *Avery v. Berry Schools,* 211 Ga. 581 (87 SE2d 401) (1955).

Defendants Fulton County, John R. Maddox, and Big Creek Associates make two contentions regarding the notice issue: (1) Lynn F. Shufelt was not entitled to notice pursuant to § 95-203; and (2) even if Shufelt were entitled to notice, plaintiffs do not have standing to raise the issue of the county's failure to notify Shufelt.

If the plaintiffs do not have standing to contest the failure of the county to give notice to their predecessor, Shufelt, there is no need to decide whether Shufelt was entitled to notice in the first instance. Consequently, the defendants' second contention will be considered first.

Defendants Fulton County, John R. Maddox, and Big Creek Associates contend that the issue of plaintiffs' standing to contest the failure of Fulton County to notify Shufelt is controlled by *Dougherty County v. Pylant,* 104 Ga. App. 468 (122 SE2d 117) (1961). The plaintiff's property, in that case, abutted upon a public road which was closed at one end by an obstruction caused by the construction of a state-aid road by the State Highway Department. The abutting road was thereby made into a cul de sac. The obstruction was not immediately in front of plaintiff's property, nor did it touch his property. However, it was held that the plaintiff's property right of access was materially diminished by the obstruction and plaintiff could recover damages therefor. The procedure under which the plaintiff brought suit was authorized by §§ 95-1710 and 95-1712. Section 95-1710 provided that the State Highway Department would be responsible for all damages awarded against any county as a consequence of a cause of action originating on a state-aid road, and § 95-1712 provided that the State Highway Department would not be liable until construction on the state-aid road had begun under the direction of the State Highway Board and the road had been "opened to traffic by said board."

In *Dougherty County,* the defendant county made two contentions regarding the plaintiff's standing to maintain a suit for damages: (1) pursuant to § 95-1712, the cause of action for damages to the property accrued when the road was "opened to traffic," and since plaintiff sold the property prior to the opening of the new road, he suffered no injury; and (2) even if a cause of action did vest in plaintiff at the time the abutting road was obstructed, his subsequent sale of the property extinguished his right of action. The court held that the cause of action accrued when plaintiff's property was damaged and its market value diminished, and that § 95-1712 merely operated to restrict the authority of the property owner to institute suit until the condition precedent, the opening of the road, had been performed. In regard to the county's second contention the court held, on motion for rehearing, that the sale of the property to a third person did not divest plaintiff of his cause of action. "[S]uch right of action,

involving property, does not 'run with the land' . . . and therefore does not pass to a subsequent purchaser by deed in the absence of a specific assignment thereof." Id., p. 470.

Although the *Dougherty County* case did not involve the notice issue which is present in this case, nevertheless, it is a precedent for holding that any claim Shufelt may have had arising from the discontinuance of Old Roswell-Duluth Road did not pass to Old Milton Realty or, in turn, to plaintiffs in the absence of a specific assignment thereof. There is no such assignment in the record and plaintiffs do not assert that any such assignment exists. On the basis of the *Dougherty County* case, plaintiffs not only have no standing to raise the issue of the county's failure to notify Shufelt, but also lack standing to assert a claim for damages for injury to the access rights of their property occasioned by the prior conveyance of the road by Fulton County.

Plaintiffs seek to distinguish *Dougherty County* on the basis that the public road access of the plaintiff in that case was only diminished, while in the present case plaintiffs' public road access has been completely extinguished by the county's conveyance of Old Roswell-Duluth Road. Plaintiffs also argue that the plaintiff in *Dougherty County* brought suit under Code Ann. §§ 95-1710 and 95-1712, while those statutes have no bearing on the instant case. The distinctions in *Dougherty County* and this case are not material to the standing issue presented here and do not provide a persuasive basis in our judgment for not applying the *Dougherty County* decision.

Plaintiffs also contend that the quitclaim deed from Fulton County to John R. Maddox was not in the public interest, was without sufficient consideration and was an unauthorized conveyance by Fulton County and, on these additional grounds, it should be canceled of record. Do plaintiffs have standing to be heard on these issues?

"Citizens and taxpayers of a county have such an interest in county property as will authorize them to seek to prevent an illegal disposition thereof; and, in their efforts to do so, they may enlist the aid of equity to enjoin any such attempted disposition and to cancel deeds to and

contracts of sale of county property by which such an illegal disposition of such property is sought to be effectuated." *Timbs v. Straub,* 216 Ga. 451 (1) (117 SE2d 462) (1960), quoting from *Malcom v. Webb,* 211 Ga. 449, 455 (86 SE2d 489) (1955). See also *Wilson v. Jones,* 218 Ga. 706, 708 (130 SE2d 227) (1963).

If plaintiffs have standing to seek cancellation of the quitclaim deed in this case, it must be based on rationale of these cases. There is no evidence that plaintiffs were not taxpayers or citizens of Fulton County at the time of the execution and delivery of the quitclaim deed to John R. Maddox and the defendants did not contend otherwise in the trial court or in this court. Consequently, we will consider plaintiffs' claim for cancellation of the deed on the merits of plaintiffs' contentions.

Plaintiffs first contend that the discontinuance of Old Roswell-Duluth Road by Fulton County was for the sole benefit of John R. Maddox, a private individual, and this amounts to an abuse of discretion by the county authorities and furnishes sufficient grounds for cancellation of the quitclaim deed.

" 'Neither the General Assembly nor a subordinate public corporation acting under its authority can lawfully vacate a public street or highway for the benefit of a private individual. The street or highway cannot be vacated unless it is for the benefit of the public that such action should be taken. The benefit may be either in relieving the public from the charge of maintaining a street or highway that is no longer useful or convenient to the public, or by laying out a new street or road in its place which will be more useful and convenient to the public in general. If the public interest is not the motive which prompts the vacation of the street, whether partial or entire, the act of vacation is an abuse of power, and especially would it be a gross abuse of power if it is authorized without reference to the rights of the public and merely that the convenience of a private individual might be subserved.' " *Griffith v. C & E Builders,* 231 Ga. 255 (2) (200 SE2d 874) (1973), quoting from *Dunlap v. Tift,* 209 Ga. 201 (71 SE2d 237) (1952); and *Marietta Chair Co. v. Henderson,* 121 Ga. 399, 407 (49 SE 312) (1904). There is a rebuttable presumption that the vacation of a

public street is for the benefit of the public. *Marietta Chair Co. v. Henderson,* supra.

The only evidence in the record tending to disclose the motive of the county commissioners, in authorizing the execution of the present quitclaim deed, is the evidence that Old Roswell-Duluth Road was no longer used by the public. In the absence of other evidence, this is sufficient to show that the public would benefit by the county's being relieved of the expense of maintaining this road since it was no longer needed for public use.

We also believe the trial court was correct in concluding that for the county to be relieved of the burden of maintaining Old Roswell-Duluth Road as a public road was a valuable and sufficient consideration to support the quitclaim deed. The fact that the $1 also recited as consideration in the deed was not paid is not grounds for setting aside the conveyance. *Morris v. Johnson,* 219 Ga. 81, 85 (132 SE2d 45) (1963); *Nathans v. Arkwright,* 66 Ga. 179 (1a) (1880). However, this conclusion is not dispositive of the issue.

In *Malcom v. Webb,* 211 Ga. 449, supra, plaintiffs alleged that the county had sold timber at a price substantially below the best price bid on the timber. In response to the purchaser's contention that it was a purchase for value, in good faith and without notice, the court held that when the purchaser was dealing with county commissioners, "especially when engaged in selling public land, it was immediately put upon notice as to the powers and authority of such fiduciaries . . . Failure by a fiduciary to obtain the most advantageous price constitutes a breach of trust. . ." Id., p. 459.

The rule that, " 'payment in full of the purchase money . . . gives the purchaser a perfect equity, which is good title even at law, and is sufficient to support or defeat an action in ejectment,' has no application to the present case. While the principle there stated is sound, as applied to transactions between individuals with unlimited capacity to contract, and dealing at arm's length, it can have no application where one of the contracting parties occupies a fiduciary relationship to the subject matter of the contract, with limited authority to contract with respect thereto, and the other party is chargeable with

notice thereof." Id., p. 460.

The recital of $1 and other valuable considerations is ordinarily sufficient consideration for a quitclaim deed. See *Morris v. Johnson,* 219 Ga. 81, supra. But, in public transactions a different rule applies. A citizen and taxpayer may challenge the deed's validity by showing that public officials have violated their trust by not receiving the most advantageous consideration.

The decisive issue, therefore, is whether defendants carried their burden on the motions for summary judgment, establishing there was no issue that the quitclaim deed was supported by legally sufficient consideration. There is evidence tending to show that the county's rights in the road, if it were a public road, did not have a market value. Since the county did not have title to the road by express grant, it is presumed that the county held only an easement for road purposes. Cf. *R. G. Foster & Co. v. Fountain,* 216 Ga. 113, 123 (114 SE2d 863). In these circumstances, it is reasonable to assume the most interested purchaser of the county's easement rights in the road would be the owner of the underlying fee, John R. Maddox, who owned the adjoining land on both sides of the roadway.

If greater consideration for the conveyance of this easement held by the county for road purposes could have been obtained by the county, plaintiffs should have produced such evidence in the trial court. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, supra. Under the evidence in this case, the county received substantial consideration for the quitclaim deed by being relieved of the burden and expense of maintaining this roadway. We hold this was legally sufficient in the absence of evidence showing that more advantageous consideration could have been obtained by the county for the quitclaim deed.

Plaintiffs also claim that the resolution which authorized the execution of the quitclaim deed from Fulton County to John R. Maddox did not authorize the conveyance of any property other than the rights of the county in Old Roswell-Duluth Road, and that since it included other property to which the county had no claim the deed should be canceled in its entirety. We do not agree with this contention.

The resolution authorizing the execution of the quitclaim deed is captioned, "Re: Quitclaim Deed—Old Holcombe Bridge Road," and provides as follows:

"Letter read from Mr. W. E. Phillips of the Public Works Department, together with quitclaim deed, both of which are set out as follows:

"To: Mr. A. T. McDonald

"From: W. E. Phillips

"Subject: Quitclaim Deed on Old Holcomb Bridge Road.

"This deed covers the old location of Holcomb Bridge Road that was used during Old Milton County days.

"Sketch attached shows the old roadway covered by this deed.

"Recommendation that deed be executed by the commissioners is in order.

"The chairman stated if there were no objections the above quitclaim deed would be approved and executed by the chairman on behalf of the board.

"Hearing no objections it was so ordered by the board."

This resolution of the board of commissioners indicates that the quitclaim deed was before the board and read to the board prior to the vote authorizing the execution of the deed. Thus, the board appears to have authorized the conveyance.

While references in the resolution indicate that the quitclaim deed simply covered Old Holcomb Bridge Road, also known as Old Roswell-Duluth Road, plaintiffs offered no evidence tending to show that the board was in any way misled or mistaken in their understanding of what property was to be conveyed by the quitclaim deed. The fact that it also covered other property of the grantee to which the county had no claim would not render the entire deed invalid.

### Cross Appeal.

Cross appellant Old Milton Realty states in its brief that one of the issues on appeal is whether the warranty in the sales contract, covering the property now owned by plaintiffs, is sufficiently definite to be actionable. However, this "issue" is not supported in the brief by citation of authority or argument, and it must be deemed

to be abandoned under Rule 18 (c) (2) of this court. Cross appellant's briefs consist entirely of argument and citations of authority in support of plaintiffs' claims that the quitclaim deed from Fulton County to John R. Maddox should be canceled. All these issues have been considered and decided and no additional reasons for cancellation of the deed have been urged by the cross appellant.

In our opinion, this case was correctly decided in the trial court and its judgment, on the main appeal and cross appeal, must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 20, 1975 — DECIDED APRIL 17, 1975.

*Arnall, Golden & Gregory, H. Fred Gober, James B. Mowry, Jr.,* for Stein.

*Powell, Goldstein, Fraser & Murphy, Webb, Parker, Young & Ferguson, Paul Webb, Jr., Frank Love, Jr., James C. Rawls,* for Maddox et al.

*Hilliard, Head & Custer, H. Garland Head, III,* for Old Milton Realty.